IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELDON MOORE, | ) Civil No.: 1:11-cv-03125-JE |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Philip W. Studenberg
Attorney at Law, P.C.
230 Main Street
Klamath Falls, OR 97601

    Attorney for Plaintiff

S. Amanda Marshall, U.S. Attorney
Adrian L. Brown, Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

FINDINGS AND RECOMMENDATION - 1

Kathryn Ann Miller
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104

Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Eldon Moore brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for Supplemental Security Income (SSI) under the Social Security Act (the Act). Plaintiff seeks an Order remanding the action to the Social Security Administration (the Agency) for an award of benefits, or in the alternative, for further procceedings..

For the reasons set out below, the Commissioner's decision should be affirmed.

## Procedural Background

Plaintiff filed an application for SSI benefits on October 22, 2008, alleging that he had been disabled since September 1, 2006 because of rheumatoid arthritis and lupus.

After his claims had been denied initially and on reconsideration, Plaintiff timely requested an administrative hearing.

On October 21, 2010, a hearing was held before Administrative Law Judge (ALJ) Edward Hein. Plaintiff and Ms. C. Kay Wise, a Vocational Expert (VE), testified at the hearing.

In a decision filed on November 19, 2010, the ALJ found that Plaintiff was not disabled within the meaning of the Act. That decision became the final decision of the Commissioner on August 31, 2011, when the Appeals Council denied Plaintiff's request for review. In the present action, Plaintiff challenges that decision.

FINDINGS AND RECOMMENDATION - 2

**Background**

Plaintiff was born on June 14, 1973, and was 35 years old when he filed his application for SSI. Plaintiff has a high school education. He has no past relevant work experience.

**Disability Analysis**

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration (SSA) regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has such an impairment is disabled. If the claimant's impairment does not meet or equal an impairment listed in the

FINDINGS AND RECOMMENDATION - 3

regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

Step Four. The Commissioner determines whether the claimant is able to perform relevant work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five. 20 C.F.R. § 404.1520(e).

Step Five. The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(f)(1).

At Steps One through Four, the burden of proof is on the claimant. Tackett, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. Id.

## **Medical Record**

Like the parties, I will not separately summarize the medical record, and will address relevant portions of that record in the discussion of Plaintiff's contentions.

FINDINGS AND RECOMMENDATION - 4

**Testimony**

**Plaintiff**

Plaintiff testified as follows at the hearing before the ALJ.

Rheumatoid arthritis inflames Plaintiff's hips, shoulders, knees, ankles, and elbows. His fingers also swell for several hours approximately four times per week, and he tries to reduce the swelling by soaking his hands in warm water. Plaintiff experiences pain most of the time, but does not take pain medication because he does not want to feel "numb." He tries to reduce pain by "massaging it down" with objects such as warm rocks.

Plaintiff is 5 feet 6 inches tall and weighed approximately 165 pounds at the time of the hearing. He has weighed as much as 185 pounds, and weighed approximately 159 pounds when he was released from a hospital at which he had been treated for pneumonia a few weeks before the hearing.

Plaintiff tries to get up by 9:00 a.m., and tries to eat by noon. He does not eat breakfast because his stomach has a "hard time" with that meal. Plaintiff has a "social phobia." He lacks confidence, and has difficulty walking into stores.

Plaintiff places warm rocks on his painful joints as a form of physical therapy. This eases his pain, "but it only lasts for so long." Stress causes his face to swell. He used to be left handed, but began to use his right hand for most activities a few years earlier after he injured his left hand. Because of arthritis, he can no longer ride a bicycle, play a guitar, or lift weights. Because of pain and fatigue, Plaintiff lies down most of the day. On "a couple days a week" he does not leave his house. He is able to shower but finds it difficult to take a bath. Plaintiff is able to prepare simple meals. He takes his two pit bulls for a 20 minute walk every other day.

**ALJ's Decision**

At the first step of his disability analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability.

At the second step, the ALJ found that Plaintiff's rheumatoid arthritis and lupus were severe impairments.

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the listings, 20 C.F.R. Part 404, Subpart P., App.1.

The ALJ next assessed Plaintiff's residual functional capacity (RFC). He found that Plaintiff retained the capacity to perform a wide range of light work as defined in 20 C.F.R. § 416.967(b), limited only by the necessity to avoid work requiring him to climb ladders, ropes, or scaffolds. In reaching this conclusion, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with this assessment.

Because Plaintiff had no past relevant work, the ALJ did not assess his ability to perform such work.

At step five, the ALJ determined that Plaintiff's RFC and vocational profile directed a finding of "not disabled" under Rule 202.20 of the Medical-Vocational Guidelines.

### Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Claimants bear the initial burden of establishing disability. Roberts v. Shalala,

FINDINGS AND RECOMMENDATION - 6

66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  The Commissioner bears the burden of developing the record, DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at Step Five of the disability analysis process.  Tackett, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039.  The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

## Discussion

Plaintiff contends that the ALJ did not adequately consider or provide adequate reasons for rejecting the opinions of Drs. C. Hanst and W. Clay McCord, his treating physicians, and Melissa Sample, his treating Family Nurse Practitioner (FNP).  Plaintiff contends that his treating physicians' opinions were entitled to controlling weight under SSR 96-2p because they were "well supported by medically acceptable clinical and laboratory diagnostic techniques." Plaintiff's memorandum at 2.  He argues that these opinions "should be adopted" even if they were not entitled to controlling weight.  Id.

**Evaluating Medical Opinion**

FINDINGS AND RECOMMENDATION - 7

Because treating physicians have a greater opportunity to know and observe their patients, their opinions are given greater weight than the opinions of other physicians. Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989). An ALJ must provide clear and convincing reasons for rejecting a treating physician's uncontroverted opinions, Lester v. Chater, 81 F.2d 821, 830-31 (9th Cir. 1995), and must provide "specific, legitimate reasons . . . based upon substantial evidence in the record" for rejecting opinions of a treating physician which are contradicted. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted).

1. **Dr. Hanst**

In an assessment of Plaintiff's residual functional capacity dated May 15, 2007, Dr. Hanst opined that Plaintiff could lift less than 10 pounds occasionally, could walk/stand less than 2 hours during an 8-hour work day, and could sit less than 6 hours during an 8-hour work day. Dr. Hanst indicated that Plaintiff should not work or look for work for 3 months, and opined that Plaintiff's prognosis was "good."

The ALJ reviewed and discussed Dr. Hanst's treating records, but did not directly address his RFC assessment.[1] The ALJ noted that Dr. Hanst's record of a visit in December, 2006 indicated that Plaintiff complained of stiffness and pain in his shoulders, had "mild" tenderness in his hands, and had not been taking "any medications regularly." He also cited records from the clinic at which Dr. Hanst worked indicating that, during the same month, Plaintiff had complained of "a little bit of chronic pain," but had demonstrated full range of motion and exhibited no swelling or muscular deficits. Other of Dr. Hanst's treating records noted

---

[1] The Commissioner correctly notes that, though Plaintiff does not explicitly allege a particular inadequacy in ALJ's assessment of Dr. Hanst's opinions, he appears to contend that the ALJ failed to properly apply SSR 96-2p, which addresses when the opinions of a treating source are entitled to controlling weight.

FINDINGS AND RECOMMENDATION - 8

unremarkable radiographic imaging, mild tenderness in Plaintiff's MCP joints in both hands, and a full range of motion demonstrated during an examination conducted in July, 2007.

The Commissioner contends that the ALJ was not required to provide a detailed explanation of his assessment of Dr. Hanst's opinion and the weight he gave to his opinion concerning Plaintiff's RFC. I agree. An ALJ is not required to discuss all evidence that is presented, but instead must explain only why significant, probative evidence has been rejected. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984); see also Lockwood v. Commissioner, 616 F3d 1068, 1071-72 (9th Cir. 2010) (requirement that ALJ consider an issue does not impose duty to provide detailed explanation of analysis) . Here, Dr. Hanst explicitly limited his opinion that Plaintiff could not work to a distinct three month period - a time well short of the 12 months required to establish disability - and opined that Plaintiff's prognosis was "good." Under these circumstances, Dr. Hanst's assessment of Plaintiff's RFC was not significant, probative evidence as to Plaintiff's alleged disability, and the ALJ did not err in omitting discussion of Dr. Hanst's opinion that Plaintiff could not work for a brief period.

**Dr. McCord**

Dr. McCord evaluated Plaintiff's functional capacity in a form dated October 11, 2010. Dr. McCord opined that, during an 8-hour work day, Plaintiff could sit approximately 4 hours and could stand/walk less than 2 hours. He opined that Plaintiff would need to take 2 or 3 unscheduled 3 to 5 minutes breaks, could occasionally lift 10 pounds, could rarely lift 20 pounds, and could never lift 50 pounds. Dr. McCord characterized Plaintiff's prognosis as "fair," and opined that Plaintiff would miss work 3 days per month because of his impairments.

The ALJ gave "little weight" to Dr. McCord's opinion because he found it was inconsistent with Dr. McCord's own treatment records and findings. He cited records indicating

that Dr. McCord had found no musculoskelatal deformity or weakness, and reporting that Plaintiff had demonstrated a full range of motion. The ALJ cited Dr McCord's records noting that Plaintiff's "other symptoms were within normal limits," and indicating that Plaintiff was not in acute distress. In other references to the medical record that were relevant to his assessment of Dr. McCord's opinion, the ALJ cited evidence that Plaintiff told treatment providers that his pain was "manageable," declined non-steroidal anti-inflamatory drugs and prescription pain medication, demonstrated full range of motion in all extremities without any swelling, demonstrated unremarkable gait and normal muscle bulk, strength, and tone, demonstrated intact sensation and reflexes, and reported daily activities that were inconsistent with the degree of impairment to which Dr. McCord opined.

In his 5 page memorandum[2], Plaintiff cites the requirements of SSR 96-2p at length, cites a number of decisions from other jurisdictions in which courts have concluded that an ALJ erred in rejecting a treating physician's opinion, and generally asserts that the ALJ did not provide sufficient reasons for rejecting the opinions of his treating doctors here. However, he has not specifically identified any particular inadequacies in the ALJ's decision.

Based upon my review of the medical record and the ALJ's decision, I conclude that the ALJ satisfied the requirements set out in SSR 96-2p. He also provided clear and convincing reasons for rejecting Dr. McCord's opinion concerning Plaintiff's functional capacity. See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (discrepancy between doctor's notes and observations and opinions concerning claimant's capabilities is clear and convincing basis for rejecting doctor's opinion).

---

[2] Plaintiff has not filed a memorandum replying to the Commissioner's arguments.

FINDINGS AND RECOMMENDATION - 10

**FNP Sample**[3]

In several functional capacity assessments dated between August 18, 2009 and July 22, 2010, FNP Sample opined that Plaintiff's impairments precluded full time employment.

FNP Sample was not an "acceptable medical source."  See  20 C.F.R. §§ 404.1513 and 416.913.  Therefore, the ALJ was required to  provide only a "germane" reason for assigning the "little weight" he gave her opinion as to the severity of Plaintiff's impairments.  See  Molina v. Astrue, 674 F.3d 1104,  1111(9th Cir. 2012).

The ALJ rejected Ms. Sample's opinion on the grounds that it was inconsistent with her own medical records and other medical evidence supported the conclusion that Plaintiff was not as severely impaired as she opined.  He correctly noted that Ms. Sample's treating records indicated that Plaintiff was doing "very well," demonstrated full range of motion, could ambulate without difficulty, declined prescription pain medication, and remained quite active.  This was a "germane" reason for rejecting Ms. Sample's opinion as to Plaintiff's functional capacity.[4]

### Conclusion

A Judgment should be entered AFFIRMING the Commissioner's decision and DISMISSING this action with prejudice.

### Scheduling Order

---

[3]Ms. Sample signed some of Plaintiff's records as "Melissa Sample" and signed others as "Melissa Friedman."

[4]This would have also have satisfied  the higher "clear and convincing" standard if it applied.

FINDINGS AND RECOMMENDATION - 11

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 31, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 14th day of May, 2013.

       /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION - 12